(Nos. 83-CC-1892, 84-CC-0370 cons.—)

WILLIAM ROY HERSHEY, BARBARA M. HERSHEY, and PRAIRIE FARMS DAIRY, INC., Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1997.*

BROWN, HAY & STEPHENS (EDWARD CUNNINGHAM and EMMET FAIRFIELD, of counsel), and LABARRE, YOUNG & DIETRICH (LAURA G. DIETRICH, of counsel), for Claimants.

JIM RYAN, Attorney General (MICHAEL WULF, Assistant Attorney General, of counsel), for Respondent.

OPINION

SOMMER, C.J.

These claims are for damages suffered by the Her-
sheys due to an automobile collision allegedly caused by
the State's negligent placement of a road sign, and Prairie
Farms' insurer's claim for subrogation of insurance pay-
ments to third parties involved in the collision.

There is no question that Claimant William Hershey
was seriously injured and incurred substantial medical ex-
pense and that Claimant Prairie Farms' insurer paid sub-
stantial amounts to third parties. In addition, the State
has admitted that the height of the "Do Not Enter" sign
in question was not in conformity with the Uniform Traf-
fic Control Devices Manual.

The Claimants allege that, when Mr. Hershey's auto-
mobile stopped at the stop sign on Spaulding Orchard
Road at the intersection of Route 4 in Sangamon County,
a "Do Not Enter" sign blocked his vision of automobiles
coming from his left on Route 4. The Claimants intro-
duced photographs, a motion picture, and testimony to
prove their contention that Mr. Hershey's view as blocked
due to the "Do Not Enter" sign being low.

Mr. Hershey testified that he was familiar with the
intersection, having gone through it many times, but did
not notice the obstructing sign and that his view of Route
4 must have been obstructed when he stopped at the stop
sign. Mr. Hershey's automobile came to a stop at the stop
sign with the front wheels even with the sign. He saw no
automobiles coming from his left on Route 4. He then
went forward a couple of feet to a second stop with the

sign even with the driver's door. Mr. Hershey testified that he looked north (right) and south (left) before his automobile moved toward Route 4 from the second stop. He remembers a blur in front of him as he entered Route 4 just before the impact. He opines that the "Do Not Enter" sign was obscured by the light conditions as it was early morning and the color of the sign blended into the background, while a brown Boy Scout sign further down Route 4 blocked his vision of Route 4 beyond the blockage of vision caused by the "Do Not Enter" sign because it blended into the background.

The stop sign on Spaulding Orchard Road was 45 feet from the nearest traffic lane on Route 4 and the highway shoulder was ten feet wide. While the "Do Not Enter" sign and a Boy Scout sign 318 feet down Route 4 may have obstructed the view of Route 4 at some point approaching the intersection, the unobstructed view of Route 4 with the front bumper of an automobile at the shoulder, a point 10 feet from Route 4 and 35 feet beyond the stop sign, was at least 700 feet. The Respondent's witness, Mr. Gregg, testified this unobstructed view was available even when the front bumper was ten feet back from the shoulder.

Section 11—904(b) of the Illinois Vehicle Code states:

(b) * * * every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk or the near side of the intersection, or if none, then at a point nearest the intersecting roadway where the driver has a view of approaching traffic or the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right-of-way to any vehicle which has entered the intersection from another roadway or which is approaching so closely on the roadway as to constitute an immediate hazard during the time when the driver is moving across or within the intersection * * *. 625 ILCS 5/11—904(b).

There was no stop line or crosswalk at the intersection in question in this claim. Mr. Hershey's argument is that his view of oncoming traffic to his left having been

blocked by the low "Do Not Enter" sign and the Boy Scout sign, he was not aware of any traffic coming from his left; therefore, he committed no negligence by proceeding into the intersection, and the State was negligent for blocking his vision by placing the "Do Not Enter" sign too low; and was the proximate cause of the collision.

The standard established by section 11—904(b) of the Vehicle Code is that where there is no stopline and no crosswalk, a driver must stop nearest the intersecting roadway at a point where the driver has a view of approaching traffic.

In this claim, at a point nearest the intersecting roadway with an automobile's front bumper at the shoulder, there was an unobstructed view of the roadway on the left of 700 feet. Indeed, there was testimony that the view was unobstructed when the front bumper was ten feet from the shoulder.

As there was no stopline or crosswalk at the stop sign, which was 45 feet from the traffic lanes of Route 4, the law required Mr. Hershey not only to stop at the stop sign but also to approach the intersecting roadway to a point where he had a view of oncoming traffic and then stop. To contend that a motorist's only obligation is to stop at stop signs 45 feet from the intersecting roadway, creep forward a few feet, and then accelerate and be held free from negligence or causation of a collision at the intersecting roadway is incorrect. Mr. Hershey would have had an unobstructed view as he approached the intersecting roadway; therefore, we find that he was negligent and the proximate cause of the collision.

The possible blockage of Mr. Hershey's view of Route 4 at the stop sign was not a proximate cause of the collision due to the above section of the Vehicle Code

which required Mr. Hershey to proceed from the stop sign to a point where he had an unobstructed view nearest the intersecting roadway and then stop. It is apparent from testimony that Mr. Hershey accelerated from approximately 35 feet from his second stop to the pavement of Route 4 and did not stop or avail himself of the unobstructed view as he approached the shoulder.

Though we understand that Mr. Hershey was badly injured and sympathize with all he has gone through, we find that the State is not liable for damages in this claim.

It is therefore ordered that these claims are denied.